Wright, J.,
delivered the opinion of the Court.
We perceive no error in the judgment of the Circuit Court in this cause, and affirm it.
The gi’ound assumed for its reversal by the counsel of the plaintiff in error, if we understand it, is, that his plea in abatement to the presentment is good, and the Circuit Judge erred in holding it bad, upon his demurrer to the State’s replication to the plea.
*331 The demurrer reached the first fault in pleading.
A plea in abatement is not .favored, and must be taken with great strictness.
This plea is bad. It had neither the proper beginning or conclusion. It should have began by praying judgment of the presentment, and have concluded with a like prayer, and that it be quashed. 1 Chitty’s Cr. L., 448. The King v. Shakspeare, 10 East. 83. Instead of this, it began and concluded more like a plea in bar, and was, as we think, in other respects defective.
We also think the replication to the plea was good. 1 Chitty’s Cr. L., 449. And in whatever way we take the judgment of the Circuit Court, whether as sustaining the demurrer to the plea, or as overruling it upon the replication, it contains n© error of which the plaintiff can complain.
The proper judgment in such a case was, that defendant plead over, but having refused to do so, the Court did not err in rendering final judgment against him. 1 Chitty’s Cr. L., 441-451; The King v. Gribson, 8 East, 107; 1 Chitty’s Cr. L., 424 and 425; Commonwealth v. Moore, 9 Mass. 402.
The brief words, “ Replication and issue,” as found in this record, we cannot notice. We have no evidence that they were intended as an issue upon the State’s replication. We infer directly the contrary from reading this record. We may treat them as nullities. Webber v. Houston, 6 Yer., 314; 4 Do., 565.
Judgment affirmed.